MEMORANDUM OPINION ON REPORT OF SPENCER GORDON, ESQ., RECEIVER, CONCERNING PROPOSAL OF SHOREHAM HOTEL NOTEHOLDERS COMMITTEE TO ADJUST CLAIMS.
(February 8, 1934)
PROCTOR, J.
Spencer Gordon, Esq., one of the three receivers, has reported to the Court a proposal by the Shoreham Hotel Note-holders Committee to the receivers for a compromise adjustment of certain claims and counter-claims affecting the receivership involved in pending equity suits. The proposal contemplates mutual cancellation of certain claims and reduction of others. Approval would result in the receivers relinquishing claims aggregating a large sum. Mr. Gordon recommends the proposal, and prays that the receivers be instructed how to dispose of the proposition. His co-receivers, Messrs. Laskey & Duehay, reporting at the Court’s request, oppose it.
The committee holds notes of about $2,650,000 out of two mortgage issues of $2,750,000, secured on the real estate, and other lien claims assigned to it. Several intervenors holding mortgage notes aggregating $14,600, formally object to the proposal.
The matter requires an important determination by the Court concerning the receivership. It calls for an informed independent judgment, for which definite, detailed and au *151 thentic information is essential. (National Surety Co. v. Cornell, No. 8, October Term, 1932, Supreme Court.)
Although the reports, memoranda, and arguments have served to inform the Court of the nature of the proposal and the claims to which it relates, but little, if any, light is reflected upon the intrinsic merit of the several claims. Yet such knowledge is essential to an informed judgment. A satisfactory understanding of those controversial matters can only be gained by a consideration of the evidence and law upon which the claims are asserted and denied. Therefore, it seems more practicable that the cases in which these claims are pending should go on to trial, as they are now ready and awaiting assignment, rather than that a lengthy independent hearing be had in this interlocutory proceeding.
Even if the proposal was approved it would be necessary in the hearing of those cases to try out the claims covered by the proposal which are only reduced in amount, rather than cancelled. If in the course of trial, after the Court is well informed as to the merits of the several claims, it should be deemed advisable to renew the proposition, that can be done.
As the matter now stands before me, and for the reasons stated, including the positive objections of certain noteholders, and the divided opinion of the receivers, the proposal is not approved. The order should be drawn without prejudice to a renewal of the proposition under circumstances suggested herein.
(April 17, 1934)
BAILEY, J.
Without passing upon the question whether in a proceeding in which receivers have been appointed the court will recognize an assignee of the receivers’ compensation after the amount has been fixed, I think that it would be contrary to public policy to give effect to any assignment of his compensation when the amount has not been definitely fixed. I do not *152 think that the case of Colehour v. Bass, 143 Ill. App., has any application. In that case the assignment was of the interest of one of the parties to the litigation and of the fund in custodie legis arising out of that litigation. On the question presented here see Colonial Bank v. Sutton, 139 N. Y. S. 1002.
The application of the Acacia Mutual Life Ins. Co. for leave to intervene will be denied and the application of Robert C. Baldwin, Rec’r, will also be denied.